1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9   KATHRYN ROCHIN,                         CASE NO.  1:03-cv-05620-TAG

10              Plaintiff,                   ORDER VACATING ORDER GRANTING
          vs.                               PLAINTIFF'S UNOPPOSED MOTION FOR
11                                          AN EXTENSION OF TIME TO FILE FOR
    JO ANNE B. BARNHART,                    FEES UNDER 42 U.S.C. § 406(b), PURSUANT
12  Commissioner of Social Security,        TO THE DEFENDANT'S REQUEST FOR
                                            CLARIFICATION
13              Defendant.                  (Doc. 33).
                                       /
14

15         Plaintiff-Appellant Kathryn Rochin ("plaintiff" or "claimant") prevailed on appeal to the Court

16  of Appeals for the Ninth Circuit from this Court's denial of her social security complaint.  (Docs. 17,

17  18, 30).  The Ninth Circuit determined that there was not substantial evidence to support the decision

18  of the administrative law judge ("ALJ"), and ordered that the action be reversed and remanded for

19  reconsideration by the ALJ.  (Doc. 30).  Pursuant to the fourth sentence of § 405(g), the Court may

20  reverse and remand the decision of the Commissioner of Social Security ("Commissioner") for a

21  rehearing if the decision is not based on substantial evidence or the Commissioner committed legal error.

22   42 U.S.C. § 405(g); Flores v. Shalala, 49 F.3d 562, 568-69 & n.9 (9th Cir. 1995).  Further, a "sentence-

23  four" remand mandates the entry of a final judgment, thereby depriving the district court of jurisdiction

24  over any further action in the case other than the prevailing party's motion for attorney fees under the

25  Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Shalala v. Schaefer, 509 U.S. 292, 296-98

26  (1993).

27  ///

28  ///

                                            1

On January 4, 2007, this Court entered an order granting plaintiff's motion for an extension of time from the date that she was served "with notice of an award" to move for attorney fees under 42 U.S.C. § 406(b) of the Social Security Act.  (Doc. 31).  On January 23, 2007, the Commissioner requested this Court to clarify its order, asserting, in part, that this Court lacked jurisdiction to consider plaintiff's motion and enter the order.  (Doc. 33).  The Commissioner further contended that plaintiff could not move for attorney fees based on payment of a past due award, pursuant to 42 U.S.C. § 406(b), when the Commissioner has yet to determine that claimant was entitled to benefits.  (Id.).

The undersigned has reviewed, sua sponte, the procedural history of the instant case and the relevant law,  concludes that the Commissioner's comments are well-taken, and concludes further  that this Court lacked jurisdiction over plaintiff's motion for an extension of time.  (Doc. 25).  Accordingly, the order (Doc. 31) granting said motion is VACATED.

IT IS SO ORDERED.

Dated:   **January 31, 2007**                                                 **/s/ Theresa A. Goldner**
**j6eb3d**                                                                UNITED STATES MAGISTRATE JUDGE